UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Elizabeth J. O'Callaghan</u>

   v.                        Civil No. 11-cv-00419-JL

<u>Town of Warren</u>

## **ORDER AFTER PRELIMINARY PRETRIAL CONFERENCE**

The Preliminary Pretrial Conference was held in court on **December 5, 2011.**

The Discovery Plan (document no. 7) is approved as submitted, with the following changes:

- Close of discovery - **July 1, 2012**
- Close of expert discovery - **June 15, 2012**

    Plaintiff's expert disclosure - **March 1, 2012** and Supplementation - **May 15, 2012**

    Defendant's expert disclosure - **April 15, 2012** and Supplementation - **June 15, 2012**

As discussed at the conference, defendant is ordered to show cause why Counts I and II of the complaint (**document no. 9**), which seek to enforce an order of the Grafton County Superior Court, should not be remanded to state court in light of the general rule that "the court against which contempt is committed

has exclusive jurisdiction to punish for that contempt." Mitchell v. F/V Janice, No. C90-5074-JCC, 2011 WL 4470615, *1 (W.D. Wash. Sept. 21, 2011); see also Barrett v. Avco Fin. Servs. Mgmt. Co., 292 B.R. 1, 8 (D. Mass. 2003) ("[I]t is a well-established principle that only the court that issued an order or injunction has subject matter jurisdiction to hold in contempt a violator of that order or injunction."); Red Nation P'Ship v. Kiqa, 51 F. Appx. 630, 632 (9th Cir. 2002) (similar). Defendant shall submit a memorandum addressing this issue on or before January 4, 2012.

**Summary Judgment**. The parties and counsel are advised that compliance with Rule 56(e) and Local Rule 7.2(b), regarding evidentiary support for factual assertions, and specification and delineation of material issues of disputed fact, will be required.

**Discovery disputes**. Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the normal course. No motion to compel is necessary. The party or counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court. The court will inform counsel and parties what written

materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible. If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the motion, a referral to the United States Magistrate Judge. Such referral requests will normally be granted. If the Magistrate Judge is recused, alternate arrangements will be made.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: December 5, 2011

cc: Elizabeth J. O'Callaghan, pro se
    Catherine M. Costanzo, Esq.