UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Elizabeth J. O'Callaghan

    v.                            Civil No. 11-cv-419-JL

Town of Warren


**SUMMARY ORDER**

In this action, which was removed here from Superior Court, see 28 U.S.C. §§ 1441(a), 1446, pro se plaintiff Elizabeth O'Callaghan seeks recovery for a number of wrongs allegedly visited upon her by the Town of Warren, of which she is a resident.  Her amended complaint includes several state-law counts, including two that seek to enforce an injunction the Grafton County Superior Court had issued in prior litigation between these same parties, as well as counts for "Discrimination - Snow Plowing" and "Inverse Condemnation" that appear to arise, at least in part, under federal law.[1]

The Town filed a motion to dismiss the two federal counts, see Fed. R. Civ. P. 12(b)(6), arguing that neither states a claim for relief under federal law.  Along with her opposition to the Town's motion, O'Callaghan filed a motion to amend the complaint, seeking to voluntarily dismiss the discrimination count and to

---

[1] The Town identified these two counts as the only counts that assert a claim under federal law, and O'Callaghan did not argue otherwise.  The court agrees that the Amended Complaint raises no other claims under federal law.

add a count entitled "Harassment - Snow Plowing," also premised in part upon federal law.  In addition, because this court doubted its ability to exercise subject-matter jurisdiction over O'Callaghan's claims seeking to enforce the injunction, it ordered the Town to show cause why those claims should not be remanded to the Superior Court.  See Order of Dec. 5, 2011.

At oral argument on all three matters, O'Callaghan informed the court that she no longer wished to pursue any federal claims asserted in her complaint or proposed amendment, and that she preferred to have the entire case remanded to the Grafton County Superior Court.  The Town did not object to this proposal.  Accordingly, the court GRANTS the Town's motion to dismiss (document no. 13).  Count 4,"Discrimination - Snow Plowing," is dismissed in its entirety without prejudice.  Count 7, "Inverse Condemnation," is dismissed without prejudice only to the extent it purports to state a claim under federal law.  O'Callaghan's motion to amend (document no. 14) is DENIED without prejudice.

Given the court's lack of subject-matter jurisdiction over those claims seeking to enforce the injunction, see Barrett v. Avco Fin. Servs. Mgmt. Co., 292 B.R. 1, 8 (D. Mass. 2003) ("[I]t is a well-established principle that only the court that issued an order or injunction has subject matter jurisdiction to hold in contempt a violator of that order or injunction."), and the parties' expressed preference for resolving their entire dispute

in a single forum, the court declines to exercise supplemental jurisdiction over the remaining state law claims, see 28 U.S.C. § 1367.  The case is remanded to the Grafton County Superior Court.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 12, 2012

cc:  Elizabeth J. O'Callaghan (pro se)
     Catherine M. Costanzo, Esq.